## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Case No. 10-cr-00129-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    DOMINIC D. STEWART, and
2.    JAMES DUCKETT,

        Defendants.

## DISCOVERY PROTECTIVE ORDER

**Blackburn, J.**

THIS MATTER comes before the court on the **Government's Unopposed Motion for Protective Order** [#14] filed April 14, 2010. The Court, having considered the motion, makes the following findings of fact.

1.    Defendants are charged as follows: defendant Stewart is charged in Count One with First Degree Murder and in Count Two with Second Degree Murder; and defendant Duckett is charged in Count Two with Second Degree Murder and in Count Three with Assault resulting in Serious Bodily Injury at the United States Penitentiary, Administrative Maximum in Florence, Colorado.

2.    The Federal Bureau of Prisons (BOP) has produced to the United States Attorney for the District of Colorado office records, documents, and materials

(hereinafter collectively referred to as "Records") that fall into the following categories: (i) floor plans and layouts of the United States Penitentiary; (ii) manuals and logs that describe security and control procedures at BOP; (iii) criminal histories taken from presentence reports of the defendants and other inmates who may be called as witnesses at trial; (iv) documents that are in the central BOP file of the defendants, the victim, and potential witnesses, which documents are exempt from the Freedom of Information Act, and/or contain identifying information about the inmates including security designations, separation orders, disciplinary behavior, family members, homes of record, sentence computations, psychology records, release information, and other sensitive information; (v) mass interviews of inmates; (vi) medical records of inmates; and (vii) documents and logs that contain identifying and confidential information about other inmates who may called as witnesses. The production of these Records poses a potential threat to institution security and inmate safety, and some of these Records contain private or privileged information.

3. The government will produce Rule 16 discovery to defense counsel, but requests entry of a protective order, implementing the mechanisms stated below, prior to its release to defense counsel of any of the Records. For ease of identification, all such Records will be identified in a letter to defendants' counsel by the bates numbers on the documents.

4. The entry of this protective order is reasonably necessary to provide defendants, via defense counsel, the discovery to which they are entitled by law and to

preserve the security and safety of the United States Penitentiary and the staff and inmates who work and/or reside there.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Government's Unopposed Motion for Protective Order** [#14] filed April 14, 2010, is granted;

2. That the government will provide defense counsel with a copy of the Records identified above by the bates numbers on the documents;

3. That defense counsel shall keep in strict confidence the Records and any notes or other materials prepared based upon or referring to information in the Records;

4. That defense counsel shall use the Records exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose;

5. That the Records may be viewed only by defense counsel, defendants, and such members of the staff of defense counsel as are necessary for the purposes outlined above, and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel;

6. That defense counsel shall ensure that all persons in his office, who are permitted to handle the Records, read this order and are informed of their responsibility to safeguard the Records;

7. That defense counsel shall make only such copies of the Records as are necessary to prepare a defense in this criminal case, and defense counsel shall keep a

written record and log documenting how many copies were made, to whom those copies were delivered, and the dates the copies were delivered;

8. That defense counsel shall deliver a copy of this order with any of the Records that are delivered to any other person authorized by this order to receive and review them;

9. That no person other than defense counsel shall make any copy of the Records for any purpose whatsoever;

10. That copies of the Records shall not, under any circumstances, be provided to defendants without motion to and further order of the court;

11. That defendants may be allowed to view the documents only while in the direct presence and under the direct supervision of defense counsel;

12. That a copy of this order shall be kept with the Records at all times;

13. That to the extent that the Privacy Act may be asserted as a basis for withholding certain documents or portions of documents requested by defendants, the United States Department of Justice and its agents or representatives are authorized to produce the requested documents because the information contained therein is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and the defendants' need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as these appropriate protective measures are taken; and

14. That on the entry of judgment by the court at the conclusion of the case in this court, defense counsel within ten days shall collect all such copies of the Records and return them to the government.

Dated April 15, 2010, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge