# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 10-cr-00129-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DOMINIC D. STEWART,
2. JAMES DUCKETT,

    Defendants.

## ORDER GRANTING FURTHER EXCLUSION OF TIME FOR SPEEDY TRIAL

**Blackburn, J.**

    This matter is before me following a status conference held today, September 10, 2010, as contemplated and directed by my **Order Granting Motions To Continue Trial** ¶ 7 at 7 [#44], filed May 17, 2010. During the course of the status conference, the parties jointly requested that additional time be excluded from the computation for a speedy trial to accommodate ongoing discovery and investigation in this case. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the status conference.

    In determining a request to continue a trial, the Tenth Circuit has established the following relevant factors:

> [1)]the diligence of the party requesting the continuance; [2]
> the likelihood that the continuance, if granted, would
> accomplish the purpose underlying the party's expressed
> need for the continuance; [3] the inconvenience to the
> opposing party, its witnesses, and the court resulting from

>     the continuance: [and] [4] the need asserted for the
>     continuance and the harm that [defendant-movant] might
>     suffer as result of the district court's denial of the
>     continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth and final factor is "by far the most important." *Id.* at 1476. I have considered carefully each of these factors and find that on balance they continue to weigh heavily in favor of a further continuance of the trial.

The parties' request implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the request implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

>     The following periods of delay shall be excluded . . . in
>     computing the time within which the trial of any such offense
>     must commence:
>     . . . .
>
>     (7)(A) Any period of delay resulting from a continuance
>     granted by any judge . . . at the request of the defendant or
>     his counsel or at the request of the attorney for the
>     Government, if the judge granted such continuance on the
>     basis of his findings that the ends of justice served by taking
>     such action outweigh the best interest of the public and the
>     defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment

2

or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 10001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id.* at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would

3

> deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).  I have discharged these duties.

The request to exclude an additional ninety days is joint. The parties described the various factors that counsel believe necessitate the exclusion of additional time for a speedy trial, and I adopt and incorporate those averments and the concomitant findings of fact that I entered on the record during the status conference on September 10, 2010.

Defense counsel has been working diligently to review discovery and otherwise investigate in this matter.  Discovery is complete *pro tanto*, and counsel informed the court, to the extent compatible with client confidentiality, of the status of their ongoing investigation.  Nevertheless, the government has requested additional discovery from the Bureau of Prisons and although this discovery is anticipated to be received in the near future, it has not yet been disclosed or produced to defense counsel.  Defense

4

counsel will required a reasonable, additional time to receive, organize, and analyze this new discovery; conduct further investigation; prepare pretrial motions; prepare for pretrial hearings; react to my rulings on anticipated pretrial motions; and finalize preparation for trial.  Additionally, the parties asked that the current November 10, 2010, deadline for the filing of all non-CJA motions be converted to the deadline for discovery-related motions only, and that the government's deadline for responding to any such discovery-related motion be confirmed as November 29, 2010.

I find these requests reasonable and justified in light of the evolution of pretrial preparation in this case; thus, I adopt and incorporate the parties' representations regarding the necessity for the exclusion of additional time.  once again, I relied on the considerable professional experience and judgment of counsel in determining to accept their requests.  Additionally, I continue to be sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); and **Bloate v. United States**, – U.S. –, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010).

Based on the relevant record considered a s a whole, I find that it would be unreasonable to expect adequate preparation by defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1) That failure to exclude additional time under the Act and grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That even considering due diligence, failure to grant the request would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional ninety (90) days from September 10, 2010, should be excluded from the computation of a speedy trial under the Act; and

(4) That, therefore, the ends of justice served by granting the request continue to outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That an additional **ninety (90) days** from September 10, 2010, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

2. That the extant deadlines for the filing of non-CJA pretrial motions and responses are **VACATED**;

3. That all non-CJA pretrial discovery-related motions **SHALL BE FILED** by **November 10, 2010**;

4. That any response to a timely filed discovery-related pretrial motion **SHALL BE FILED** on or before **November 29, 2010**;

5. That a further status conference, and, if determined by the court to be

necessary, a hearing on discovery-related motions, is **SCHEDULED** for **Friday, December 17, 2010**, at **8:15 a.m.** (MST);

  6.  That at the December 17, 2010, status conference the court will consider. *inter alia*, the imposition of a deadline for the filing of non-CJA pretrial motions other than those related to discovery; and

  7. That the **Trial Preparation Conference Order** [#13], entered April 14, 2010, and the **Order Granting Motions To Continue Trial** [#44] entered May 17, 2010, and are **AMENDED** and **SUPPLEMENTED** to the extent necessary to facilitate and implement these orders.

  Done in chambers September 10, 2010, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench following the status conference on September 10, 2010.

            **BY THE COURT:**

            */s/ Bob Blackburn*
            Robert E. Blackburn
            United States District Judge