**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00129-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DOMINIC D. STEWART, and
2. JAMES DUCKETT,

    Defendants.

## TRIAL PROTOCOL ORDER

**Blackburn, J.**

    Pursuant to **Fed. R. Crim. P. 17.1** and **D.C.COLO.LCrR 26**, on February 8, 2012, the court conducted a Trial Preparation Conference.[1] Based on the decisions made and the orders entered during that conference, the court enters this **Trial Protocol Order**.

    **IT IS ORDERED** as follows:

    1. That as set since December 30, 2011, trial by jury shall commence **February 21, 2012**, at 8:30 a.m., in courtroom A1001 (Tenth floor) of the Alfred A. Arraj United States Courthouse Annex at 901 19th Street, Denver, Colorado 90294, at which the defendants shall appear in person without further notice, order, or subpoena;

    2. That the court continues to reserve twelve (12) days for trial:

---

[1] For the limited purpose of that conference, the court used the **Trial Preparation Conference Order** [#13] entered April 14, 2010, as an informal agenda.

- Tuesday, February 21, 2012, through Thursday, February 23, 2012;

- Monday, February 27, 2012, through Thursday, March 1, 2012;

- Monday, March 5, 2012, through Thursday, March 8, 2012; and

- Monday, March 12, 2012;

3. That counsel and the defendants shall appear in courtroom A1001 on the first day of trial at 8:00 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

4. That the court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties; provided, further, that a listing of available equipment can be found on the District Court's website at http://www.cod.uscourts.gov/Judes/Judges.aspx under "Courtroom Technology Manual for Attorneys"; provided, further, that arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Nel Steffens**, at **303-335-2090** at least **seven (7) days** before trial;

9. That notice to the courtroom deputy clerk of your need to bring equipment through courthouse security for use in the courtroom during the trial must be given no later than **seven (7) days** before the date and time you need such equipment for use in trial;

10. That following *voir dire* examination by the court, the **government** may conduct *voir dire* examination for not more than **30 minutes**, and **each defendant** may conduct *voir dire* examination for not more than **30 minutes**, commencing with defendant Stewart and followed by defendant Duckett, or in the order the defendants

may agree otherwise[2]; provided, furthermore, that during *voir dire* examination, counsel and defendant Duckett shall exert his best efforts to eschew reiteration of previous questions, shall refrain from propounding leading questions, and shall refrain from propounding questions which are case or evidence specific;

   11. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

   12. That pending further order, opening statements shall not exceed 30 minutes for the government and 30 minutes for each defendant, commencing with defendant Stewart and followed by defendant Duckett, or in the order the defendants may agree otherwise;[3]

   13. That the court will not engage in the examination of any witness, except to eschew plain error;

   14. That pursuant to REB Cr. Practice Standard III.B., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

   15. That objections made in the presence or hearing of the jury – so called speaking objections – shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, counsel and a pro se defendant shall not speechify an objection in the presence or hearing of the jury, *see*

---

[2] Pending further order, I am not now imposing specific topic limitations. Additionally, at each party's discretion, *voir dire* examination may be directed at the panel as a whole or to individual prospective jurors or to groups of prospective jurors.

[3] This provision does not prevent either defendant from deferring his opening statement until after the government has completed its case in chief.

3

Fed.R.Evid.103(c) and 104(c);

16. That unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed, unless interrupted by the court: objection, response, reply, ruling;

17. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk in writing before the conclusion of a trial day specifying any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day specifying any issue which should be considered at the conclusion of that trial day;

18. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Civ. Practice Standard V.A.5., the government shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. G-1, G-2, G-3, etc., and each defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO.[insert defendant's surname, e.g., Stewart or Duckett]-1,[insert defendant's surname, e.g., Stewart or Duckett]-2,[insert defendant's surname, e.g., Stewart or Duckett]-3, etc.]; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

19. That for additional information about courtroom protocol, courtroom technology and training, trial preparation, transport of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Nel Steffens**, at **303-335-2090** should be contacted; and

20.  That the **Trial Preparation Conference Order** [#13] entered April 14, 2010, is modified, but only to the extent necessary to facilitate and implement these orders.

Dated February 9, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge